UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
U.S.W.U. LOCAL 74 WELFARE FUND,
U.S.W.U. LOCAL 74 SUPPLEMENTAL
BENEFITS FUND, and U.S.W.U. LOCAL 74           19 Civ.
401K PLAN, by Trustees SAL ALLADEEN
and DANIEL C. AUSTIN, SR.,

                                         COMPLAINT

            Plaintiffs,

      -against-

PARIS MAINTENANCE & MANAGEMENT,
CO., INC.

           Defendant.
-----------------------------------------------------------------X

      Plaintiffs, U.S.W.U. LOCAL 74 WELFARE FUND, U.S.W.U. LOCAL 74 SUPPLEMENTAL BENEFITS FUND, and U.S.W.U. LOCAL 74 401K PLAN by Trustees, SAL ALLADEEN and DANIEL C. AUSTIN, by their attorneys, O'DWYER & BERNSTIEN, LLP, complaining of defendant PARIS MAINTENACE & MANAGEMENT, CO., INC., allege the following:

## NATURE OF ACTION

    1.     This is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"); 29 U.S.C. §1001, et seq., and the Labor Management Relations Act of 1974 ("LMRA"), 29 U.S.C. §152 et seq., to compel defendant to make benefit fund contributions on behalf of its employees in accordance with the applicable law, trust agreements, and the collective bargaining agreement.

1

## JURISDICTION

2.  Jurisdiction over this cause of action is conferred upon this Court by Sections 502(a)(3), 502(e), and 502(f) of ERISA, 29 U.S.C. Sections 1132 (a)(3), (e), and (f).

## VENUE

3.  Venue is proper in this district pursuant to ERISA Section 502(e)(1), 29 U.S.C. §1132(e)(1), in that the employee benefit plans are administered in this District.

## PARTIES

4.  At all times relevant herein the U.S.W.U. LOCAL 74 WELFARE FUND (hereinafter "the WELFARE FUND"), was a jointly trusteed employee benefit plan within the meaning of Sections (3)(1), (2), and (3) of ERISA and §502(d)(1) of ERISA, 29 U.S.C. Sections 1002(1), (2), (3) and 1132(d)(1). Sal Alladeen and Daniel C. Austin are Trustees of the WELFARE FUND and appear in their representative capacities.

5.  At all times relevant herein, the WELFARE FUND had its principal place of business at 36-36 33rd Street, Long Island City, New York 11106.

6.  At all times relevant herein the U.S.W.U. LOCAL 74 SUPPLEMENTAL BENEFITS FUND (hereinafter "the SUPPLEMENTAL BENEFITS FUND"), was a jointly trusteed employee benefit plan within the meaning of Sections (3)(1), (2), and (3) of ERISA and §502(d)(1) of ERISA, 29 U.S.C. Sections 1002(1), (2), (3) and 1132(d)(1). Sal Alladeen and Daniel C. Austin are Trustees of the SUPPLEMENTAL BENEFITS FUND and appear in their representative capacities.

7.  At all times relevant herein, the SUPPLEMENTAL BENEFITS FUND had its principal place of business at 36-36 33rd Street, Long Island City, New York 11106.

8. At all times relevant herein the U.S.W.U. LOCAL 74 401K PLAN (hereinafter "the 401K PLAN"), was a jointly trusteed employee benefit plan within the meaning of Sections (3)(1), (2), and (3) of ERISA and §502(d)(1) of ERISA, 29 U.S.C. Sections 1002(1), (2), (3) and 1132(d)(1). Sal Alladeen and Daniel C. Austin are Trustees of the 401K PLAN and appear in their representative capacities.

9. At all times relevant herein, the 401K PLAN had its principal place of business at 36-36 33rd Street, Long Island City, New York 11106.

10. Upon information and belief, defendant PARIS MAINTENACE & MANAGEMENT, CO., INC. ("PARIS MAINTENANCE") was a domestic corporation with offices located at 545 Meacham Avenue, Elmont, New York, 11003.

11. At all relevant times herein, PARIS MAINTENANCE was an employer in an industry affecting commerce within the meaning of ERISA §§ (3)(5), (11), and (12), 29 U.S.C. §§1002 (5), (11), and (12).

12. At all relevant times herein, there were in force and effect collective bargaining agreements, including extensions thereof, by and between Local 74, United Service Workers Union, International Union of Journeymen and Allied Trades ("Local 74"), and PARIS.

13. At all relevant times herein, said collective bargaining agreements and extensions thereof established terms and conditions of employment of Local 74 bargaining unit workers, including that PARIS was required to make contributions to the WELFARE FUND, SUPPLEMENTAL BENEFITS FUND (and/or its predecessor funds), and the 401K PLAN for its covered employees.

14. At all relevant times herein there was in force and effect a Declaration of Trust of the WELFARE FUND, a Delinquent Contribution Collection Policy, and Trustee resolutions, among other documents affecting contributions to the WELFARE FUND with which defendant was required to comply.

15. At all relevant times herein, there was in force and effect a Declaration of Trust of the SUPPLEMENTAL BENEFITS FUND, a Delinquent Contribution Collection Policy, and Trustee resolutions, among other documents affecting contributions to the SUPPLEMENTAL BENEFITS FUND with which defendant was required to comply.

16. At all relevant times herein, there was in force and effect a Declaration of Trust of the 401K PLAN, a Delinquent Contribution Collection Policy, and Trustee resolutions, among other documents affecting contributions to the 401K PLAN with which defendant was required to comply.

## COUNT I

17. Plaintiffs repeat the allegations of the preceding paragraphs of the complaint as if set forth in full hereat.

18. PARIS MAINTENANCE has failed and/or refused to make required contributions to the WELFARE FUND for various months, including August to December, 2018, inclusive, in the sum of 26,271.82, including interest calculated through January 31, 2019.

19. The failure and/or refusal by PARIS MAINTENANCE to make such required contributions to the WELFARE FUND is a violation of the collective bargaining agreement, the Agreement of Declaration of Trust, and of ERISA §515, 29 U.S.C. §1145.

20. PARIS MAINTENANCE has failed and/or refused to make required contributions to the SUPPLEMENTAL BENEFITS FUND for various months, including August to December, 2018, inclusive, in the sum of $346.32, including interest calculated through January 31, 2019.

21. The failure and/or refusal by PARIS MAINTENANCE to make such required contributions to the SUPPLEMENTAL BENEFITS FUND is a violation of the collective bargaining agreement, the Agreement of Declaration of Trust, and of ERISA §515, 29 U.S.C. § 1145.

22. PARIS MAINTENANCE has failed and/or refused to make required contributions to the 401K PLAN for various months, including August to December, 2018, inclusive, in the sum of $6,451.99, including interest calculated through January 31, 2019.

23. The failure and/or refusal by PARIS MAINTENANCE to make such required contributions to the 401K PLAN is a violation of the collective bargaining agreement, the Agreement of Declaration of Trust, and of ERISA §515, 29 U.S.C. § 1145.

## COUNT II

24. Plaintiffs repeat the allegations of the preceding paragraphs of the complaint as if set forth in full hereat.

25. In addition to the foregoing, PARIS MAINTENANCE failed and/or refused to make contributions to the WELFARE FUND for a particular employee from December 2017 to and including July, 2018, as a result of which it underpaid required contributions in the amount of $17,888.52, including interest calculated through January 31, 2019.

26. The failure and/or refusal of PARIS MAINTENANCE to make such required contributions to the WELFARE FUND is a violation of the collective bargaining agreement, the Agreement of Declaration of Trust, and of ERISA §515, 29 U.S.C. §1145.

27. In addition to the foregoing, PARIS MAINTENANCE failed and/or refused to make contributions to the SUPPLEMENTAL BENEFITS FUND for a particular employee from December 2017 to and including July, 2018, as a result of which it underpaid required contributions in the amount of $194.96, including interest calculated through January 31, 2019.

28. The failure and/or refusal of PARIS MAINTENANCE to make such required contributions to the SUPPLEMENTAL BENEFITS FUND is a violation of the collective bargaining agreement, the Agreement of Declaration of Trust, and of ERISA §515, 29 U.S.C. §1145.

29. In addition to the foregoing, PARIS MAINTENANCE failed and/or refused to make contributions to the 401K PLAN for a particular employee from December 2017 to and including July, 2018, as a result of which it underpaid required contributions in the amount of $3,481.34, including interest calculated through January 31, 2019.

30. The failure and/or refusal of PARIS MAINTENANCE to make such required contributions to the 401K PLAN is a violation of the collective bargaining agreement, the Agreement of Declaration of Trust, and of ERISA §515, 29 U.S.C. § 1145.

WHEREFORE, Plaintiffs demand judgment against PARIS MAINTENANCE as follows:

(a)   awarding judgment to Plaintiffs in the sum of $54,634.95, together with interest thereon from February 1, 2019 until the date paid at the rate of 10% per year, compounded;

(b)   awarding Plaintiffs attorneys' fees, costs and expenses of this action and liquidated damages of 20% of the principal sum due in accordance with and required by ERISA Section 502(g), 29 U.S.C. §1132(g); and

(c)   such other and different relief as the Court deems proper and just.

Dated: New York, New York
       January 22, 2019

Yours, etc.,

O'DWYER & BERNSTIEN, LLP

By: _____
GARY SILVERMAN (GS9287)
ZACHARY HARKIN (ZH0620)
Attorneys for Plaintiffs
52 Duane Street, 5th Floor
New York, New York 10007
(212) 571-7100